**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

KENNADO K. TAYLOR,
    Plaintiff,

v.                                                          Case No. 1:25-cv-01276-JEH

MONICA DURAN, *et al.*,
    Defendants.

**Order**

Plaintiff Kennado Taylor, proceeding *pro se* and currently detained at the McLean County Detention Facility, pursues an action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. (Doc. 1). Along with his Complaint, Plaintiff filed a Petition to Proceed *in forma pauperis* ("IFP Petition") (Doc. 3) and a Motion to Request Counsel (Doc. 4). For the reasons stated below, Plaintiff's Motions are DENIED.

**I**

Prior to conducting a merit review of his Complaint under 28 U.S.C. § 1915A, the Court must determine if Plaintiff has made the requisite showing that he is under imminent danger of serious physical injury because he has accumulated at least three strikes under § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

§ 1915(g). The Court must make its own determination regarding whether previous dismissals count as "strikes." *Hill v. Madison Cnty., Ill.*, 983 F.3d 904, 906 (7th Cir. 2020).

Plaintiff has accumulated at least five strikes pursuant to § 1915(g). *See, e.g., Taylor v. Doe, et al.*, No. 17-cv-2347 (N.D. Ill. dismissed June 2, 2017); *Taylor v. Doe, et al.*, No. 17-cv-2348 (N.D. Ill. dismissed June 2, 2017); *Taylor v. Doe, et al.*, No. 17-cv-2349 (N.D. Ill. dismissed June 5, 2017); *Taylor v. Doe, et al.*, No. 17-cv- 5537 (N.D. Ill. dismissed September 22, 2017); *Taylor v. Doe, et al.*, No. 17- cv-6001 (N.D. Ill. dismissed September 22, 2017). The Court finds that each of these dismissals counts as a strike.

Plaintiff is also subject to a Seventh Circuit order that instructs district courts to return unfiled any papers sent by Plaintiff or on his behalf, except in criminal cases, cases challenging the fact or duration of his confinement, and those alleging an imminent danger of serious physical harm. *Taylor v. Miller*, No. 20-2221 (7th Cir., filed Oct. 9, 2020). (Doc. 5). If the last exception applies, the district court must resolve the question of whether Plaintiff faces an imminent danger. *Id.*

The imminent danger inquiry is two-pronged. The first prong is construed narrowly to include genuine emergencies where "time is pressing" and a "threat ...is real and proximate." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Furthermore, the harm must be occurring "at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice. *Heimermann*, 337 F.3d at 782. The second prong, danger, must be of "serious physical injury." § 1915(g); *Fletcher v. Deathridge*, 2008 WL 4724173, at *2 (C.D. Ill. Oct. 23, 2008).

In his Complaint, Plaintiff alleges that Defendants were deliberately indifferent to the treatment of his torn rotator cuff in May and June 2025. Plaintiff states that he was sent to Rush Hospital, where his shoulder injury was diagnosed.

Plaintiff alleges that Defendants failed to prescribe effective pain medication, did not x-ray his shoulder, and failed to refer him to a surgeon in a timely manner. Plaintiff alleges that Defendant Dr. Monica Duran should have prescribed a different course of treatment and medication.

The Court finds that Plaintiff has not sufficiently alleged he is under imminent danger of serious physical injury or that he faces a genuine emergency where "time is pressing" and a "threat . . . is real and proximate." *Heimermann*, 337 F.3d at 782; *Lewis*, 279 F.3d at 531. Instead, it appears that Plaintiff disagrees with the course of treatment he received for his rotator cuff injury. Therefore, Plaintiff's IFP Petition is denied. Plaintiff will have 21 days in which to pay the $405 filing fee, or this case will be dismissed without prejudice.

II

Plaintiff also filed a Motion to Request Counsel. (Doc. 4). Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's Motion to Request Counsel, the Court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the Plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's Motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1. **For the reasons stated in this Order, Plaintiff's Petition to Proceed *in forma pauperis* [3] is DENIED. Plaintiff is DIRECTED to pay the $405 filing fee**

**in full within 21 days of this Order. If Plaintiff fails to pay the filing fee within 21 days, this case will be dismissed without prejudice.**

2. **Plaintiff's Motion to Request Counsel [4] is DENIED with leave to renew.**

*It is so ordered.*

Entered: July 16, 2025

<u>s/Jonathan E. Hawley</u>
U.S. District Judge

4